RECEIVED
2017 FEB 27 PM 2: 04
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.

8:17 cv 481 T30 AEP

GARY WICKLIFFE, individually, and
as the class representative of others
similarly situated,

    Plaintiff,

vs.

BUILDER SERVICES GROUP, INC. and
ROBERT BUCK,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, GARY WICKLIFFE, individually, and as class representative of others similarly situated (herein after referred to as "WICKLIFFE"), by and through his undersigned counsel, sues BUILDER SERVICES GROUP, INC., a Florida corporation, and ROBERT BUCK, individually (collectively referred to as "Defendants") for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") 29 USC § 207 and states as follows:

### PRELIMINARY STATEMENT

1. The Plaintiff brings this action for violations of the FLSA §§206, 207 and 215 for failure to pay minimum wage, overtime wages and retaliatory practices.

2. Defendants unlawfully withheld Plaintiff WICKLIFFE'S wages and failed to compensate him for time worked in excess of forty (40) hours per week and other wages due to him.

TBA-42647
$400

3. Defendants failed to pay Plaintiff in accordance with the FLSA. Specifically, WICKLIFFE was not paid the applicable minimum wages for all hours worked. WICKLIFFE was also not paid the salary basis minimum that meets the definition of exempt under the FLSA.

4. In this pleading, "Defendants", means the named Defendants, BUILDER SERVICES GROUP, INC., a corporation, and ROBERT BUCK, individually, and other corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

5. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 USC §§ 1331 and 1337 and 29 USC § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

7. The Court has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 USC § 1367.

8. Venue is proper in the District Court because Defendants operate substantial business in Pinellas County, Florida. Furthermore, the damages complained of occurred in Pinellas County at the Defendants' place of business which is located in Oldsmar, Florida.

9. Plaintiff is a resident of Pinellas County, Florida, and was employed by Defendants as an installer from approximately August of 2016 until February 10, 2017.

10. At all times relevant to this action, Plaintiff has been an employee within the meaning of 29 USC § 203(e)(I).

11. Defendant, ROBERT BUCK, is a Florida resident and/or individual who conducts business in the State of Florida. He is the President of BUILDER SERVICES GROUP, INC. He created and directed the pay practices and controlled and directed the work of Plaintiff. ROBERT BUCK is also an officer and manager of Defendant, BUILDER SERVICES GROUP, INC., thus making him an employer within the meaning of the FLSA. See In Re: Van Diepen, P.A., 236 F. App'x 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

12. The FLSA defines "employer" as any "person" acting directly or indirectly in the interests of an employer in relation to an employee. 29 USC § 203(d). See also Boucher v. Shaw, 572 Fed. 3d 1087, 1090 (9th Cir. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer", but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

13. Defendant, BUILDER SERVICES GROUP, INC., is a Florida Corporation with its principal address at 260 Jimmy Ann Dr., Daytona Beach, Florida 32114, and may be served through its registered agent for service of process, CT Corporation Systems, 1200 South Pine Island Road, Plantation, Florida 33324. BUILDER SERVICES GROUP, INC. conducts business at which the facts giving rise to this cause of action transpired 200 Stevens Avenue, Oldsmar, Pinellas County, Florida.

14. At all times material hereto, BUILDER SERVICES GROUP, INC. was an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, BUILDER SERVICES GROUP, INC. was the "employer" of Plaintiff within the meaning of the FLSA, 29 USC § 203.

16. This action is brought under the FLSA to recover from Defendants unpaid overtime wages, monies due and owing, liquidated damages, and reasonable attorneys' fees and costs.

17. All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

18. Plaintiff WICKLIFFE was employed by Defendants as an installer from approximately August 6, 2016 until February 10, 2017.

19. Plaintiff's job duties as an installer included installation of shelving, and all other activities so directed by BUILDER SERVICES GROUP, INC. and its officers and agents.

20. At all times relevant, Plaintiff was supervised by BUILDER SERVICES GROUP, INC., it's officers and agents, and did not have the right to independent operations or decision making.

21. Plaintiff worked in excess of forty (40) hours per week but did not receive overtime compensation.

22. Plaintiff was paid less than the Federal and State of Florida Minimum wage for hours worked by Defendant.

23. Defendants further agreed to pay Plaintiff for certain work by the piece, although failed to honor their obligation to pay him consistently with the agreement.

24. Defendants' failure to properly pay Plaintiff was a willful violation of the FLSA.

25. Defendants have no good faith basis for failing to pay Plaintiff appropriately nor for failing to pay the appropriate overtime.

26. Defendants, as business owners, are fully aware of the minimum hourly pay, overtime, and classification of individuals performing work for the Defendants.

27. Plaintiff does not have the authority to hire, fire, or discipline other employees.

28. Plaintiff is a non-exempt employee whose duties dictate the same; his job duties do not involve the use of discretion in the performance of his job.

29. Plaintiff's position is subject to the FLSA wage provisions.

30. Plaintiff worked overtime hours consistently throughout his employment and was not properly compensated.

31. Plaintiff repeatedly requested an explanation of his compensation scheme and rate of pay and was told that this information was proprietary by the Defendants through their officers or agents who refused to explain his compensation terms in any manner.

32. Plaintiff complained to Defendants regarding their unlawful pay practices.

33. After being advised by Plaintiff of the unlawful pay practices, Defendants failed to alter their practice and comply with FLSA.

34. On or about February 10, 2017, Plaintiff was terminated from his position with Defendants because of his continued concerns with the Defendants' compensation scheme.

## COUNT I
### (VIOLATION OF OVERTIME PROVISIONS OF THE FLSA § 207)

35. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff was an employee of Defendants within the meaning of 29 USC § 203(e)(1).

37. Defendants are an employer within the meaning of 29 USC § 203(d).

38. The overtime wage provisions set forth in FLSA § 207 apply to Defendants, which engaged in commerce under the definition of the FLSA.

39. During the relevant time period, Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) per week.

40. During the relevant time period, Defendants required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

41. Defendants are, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

42. Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week.

43. Defendants cannot show a good faith reliance upon any factor or law for misclassifying Plaintiff as an independent contractor.

44. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. See Anderson v. Mount Clemens Pottery Company, 328 US 680 (1946).

45. Plaintiff is entitled to time and one-half of his regular hourly rate for each hour worked in excess of forty (40) hours per work week.

46. As a direct result of Defendants' violation of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA, in addition with the damages associated with the loss of his Social Security and employer contributions to Social Security benefits.

47. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

WHEREFORE, Plaintiff, GARY WICKLIFFE, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Order Defendants to pay an award of damages to fully compensate WICKLIFFE for overtime wages and other compensation to which he is entitled;

B. Order Defendants to pay liquidated damages;

C. Order Defendants to pay pre-judgment interest on all sums due Plaintiff;

D. Order Defendants to pay compensatory damages allowable at law;

E. Order Defendants to pay an award of attorney's fees pursuant to 29 USC § 216(b), and; grant such further relief as the Court deems just, necessary, and proper.

## COUNT II
### (UNPAID WAGES AS TO ALL DEFENDANTS)

48. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 as if fully set forth herein.

49. Plaintiff has earned unpaid wages which are owed and payable by the Defendants pursuant to Florida Statute Chapter 448.

50. Defendants, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payments as required by Florida Statute Chapter 448.

WHEREFORE, Plaintiff, GARY WICKLIFFE, individually and as the class representative of others similarly situated, prays for a judgment against Defendants, BUILDER SERVICES GROUP, INC. and ROBERT BUCK, for the following damages:

A. Payment of his earned unpaid wages;

B. Pre-judgment interest;

C. Post-judgment interest;
D. Attorney's fees;
E. Costs;
F. For such other relief as this Court deems equitable.

## COUNT III
### (RETALIATION IN VIOLATION OF FLSA § 215)

51. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 as if fully set forth herein.

52. WICKLIFFE complained to Defendants regarding their unlawful pay practice, including failure to pay staff as required by Florida statute and the FLSA.

53. Defendants retaliated against WICKLIFFE by intimidation, coercion, verbal abuse, harassment, and oppression, including terminating WICKLIFFE from his employment.

54. Defendants intimidated and coerced WICKLIFFE in order to avoid the exposure to unemployment, paying wages, and benefits for injuries sustained by WICKLIFFE during the course and scope of his employment with Defendants.

55. WICKLIFFE'S pursuit of his rights under the FLSA is protected conduct under Section 215 of the FLSA.

56. Defendants retaliated against WICKLIFFE for pursuing his wages and benefits in violation of Section 215 of the FLSA.

57. The unlawful employment practices complained of herein and the actions of Defendants and their agents are willful, wanton, intentional and done with malice or with reckless indifference to WICKLIFFE'S rights and/or wellbeing.

58. As a direct and proximate result of the unlawful retaliation, WICKLIFFE suffered financial detriment and emotional suffering.

59. As a direct, proximate and/or foreseeable result of Defendants and their agents' actions, WICKLIFFE has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries.

60. The actions of Defendants and their agents makes reinstatement ineffective as a make-whole remedy, entitling WICKLIFFE to front pay in lieu of reinstatement.

**WHEREFORE**, Plaintiff, GARY WICKLIFFE, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Assess damages against Defendants for compensatory and emotional stress and suffering as a result of the wrongful act:

B. Order Defendants to pay pre-judgment interest and back pay;

C. Order Defendants to pay front pay;

D. Enjoin the Defendants from continuing their unlawful employment practices;

E. Order Defendants to pay an award of attorney's fees pursuant to 29 USC § 216(b);

F. Grant Plaintiff such other relief as may be just and proper.

## COUNT IV
### (FLSA MINIMUM WAGE §206)

61. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraphs 1 through 34 as if fully set forth herein.

62. Defendants failed to pay Plaintiff the minimum wages due pursuant to the FLSA as described in part in § 6(a) of the FLSA.

63. Plaintiff was damaged by Defendants' failure to pay him the Federal minimum wage.

**WHEREFORE**, Plaintiff, GARY WICKLIFFE, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Wages found to be due and owing;

B. An additional amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

C. Prejudgment interest in the event liquidated damages are not awarded;

D. A reasonable attorney's fee and costs; and,

E. Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all issues so triable.

**WHEREFORE**, the Plaintiff, GARY WICKLIFFE, individually and as the class representative of others similarly situated, demands judgment for damages, including punitive damages, against the Defendants, BUILDER SERVICES GROUP, INC. and ROBERT BUCK, together with such other and further relief as this Honorable Court deems necessary and appropriate.

Dated this 22nd day of February, 2017.

        TRAGOS, SARTES & TRAGOS, PLLC

        */s/ Peter L. Tragos*
        PETER L. TRAGOS, ESQ.
        601 Cleveland Street, Suite 800
        Clearwater, Florida 33755
        Phone: (727) 441-9030
        Facsimile: (727) 441-9254
        Florida Bar No: 106744
        SPN: 02429305
        petertragos@greeklaw.com
        linda@greeklaw.com